IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICO MEDEZ ROMAN,

     Plaintiff,                            No. CIV S-05-0572 FCD GGH P

    vs.

D. L. RUNNELS, et al.,

     Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).[1] Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action.[2] 28

---

[1] Plaintiff provided the necessary documentation on June 9, 2003, pursuant to the court's order filed on May 23, 2005.

[2] This action was transferred from the Northern District and filed in this court on March 24, 2005. The original complaint was filed in the Northern District on June 17, 2004, so the court will apply the filing fee applicable in this court at that time.

1

U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 23.86 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in

1  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
2  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
3  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

4  Plaintiff names as his only defendant D.L. Runnels, Warden at High Desert State
5  Prison (HDSP). Plaintiff alleges that on November 21, 2002, when he returned to his HDSP cell,
6  he found that his property had been illegally confiscated and lost. Complaint, p. 3. Plaintiff
7  discovered that many canteen items and his radio were missing. Id. Plaintiff was not issued a
8  cell search receipt or given any explanation for why his property was taken. Id. On December
9  14, 2002, his property was returned to him in "bits and pieces." Id. Plaintiff's immediate appeal
10 was partially granted and HDSP agreed to replace plaintiff's radio, but thereafter modified the
11 partial grant to a denial when plaintiff refused to accept what HDSP felt was an equal
12 replacement. Plaintiff seeks reimbursement of the cost of the radio as well as for the cost of his
13 appeals, as well as money damages for the "harassment and mental abuse" he has suffered in
14 seeking restoration of his illegally confiscated property.

15 The United States Supreme Court has held that "an unauthorized intentional
16 deprivation of property by a state employee does not constitute a violation of the procedural
17 requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
18 postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).
19 Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
20 deprivations constitute actionable violations of the Due Process Clause. An authorized
21 deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
22 Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of
23 Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). The California Legislature has provided a
24 remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

25 In the instant case, plaintiff has not alleged any facts which suggest that the
26 deprivation was authorized, nor has he alleged any facts which suggest that the deprivation was

more than temporary. For these reasons, plaintiff's allegations against defendant Runnels concerning the taking of his property do not state a cognizable claim for relief.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 23.86. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

\\\\\

1          3. The complaint is dismissed for the reasons discussed above, with leave to file
2  an amended complaint within thirty days from the date of service of this order.  Failure to file an
3  amended complaint will result in a recommendation that the action be dismissed.
4  DATED:   7/14/05

                                                          /s/ Gregory G. Hollows

                                                          GREGORY G. HOLLOWS
                                                          UNITED STATES MAGISTRATE JUDGE

GGH:009
roma0572.b